**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**
**CASE NO.:**

**CINDY GOLDSTEIN,**
**an Individual,**

**Plaintiff,**

**v.**

**BLUEPEARL VET, LLC,**
**a Florida Limited Liability Company,**

**Defendant.**
______________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**WITH INJUNCTIVE AND DECLARATORY RELIEF REQUESTED**

Plaintiff, **CINDY GOLDSTEIN** ("Plaintiff"), by and through her undersigned counsel, hereby files this Complaint against Defendant, **BLUEPEARL VET, LLC** ("Defendant"), and states as follows:

## INTRODUCTION

1. Plaintiff brings this action pursuant the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), and for violation of the Florida Workers' Compensation Retaliation Statute ("WCRS") at Fla. Stat. § 440.205, to recover from Defendant back pay, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## **PARTIES, JURISDICTION AND VENUE**

2. Plaintiff is an adult individual.

3. Defendant is a Florida Limited Liability Company that is located and does business in Lee County, Florida, and is therefore within the jurisdiction of the Court.

4. At all times relevant hereto, Plaintiff was an employee of Defendant.

5. Plaintiff worked for Defendant in Lee County, Florida, and this venue is therefore proper.

6. This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq*.

7. At all times material, Plaintiff was protected during her employment with Defendant by the ADA because Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination because of her disability or "perceived disability" by Defendant.

8. At all times material, Plaintiff was protected during her employment with Defendant by the ADA because Plaintiff was retaliated against and suffered adverse employment action as a result of her disability or "perceived disability," and her request for reasonable accommodation.

9. Defendant was at all times an "employer" as envisioned by the ADA as it employed in excess of fifteen (15) employees.

10. This Court also has supplemental jurisdiction over Plaintiff's WCRS claims, as they arise out of the same operative facts and circumstances as her ADA claims.

11. Defendant was at all times an "employer" pursuant to the WCRS.

## CONDITIONS PRECEDENT

12. On or around July 16, 2026, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

13. On or around August 4, 2026, the EEOC issued a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her federal discrimination claims within 90 days of her receipt of the same.

14. Plaintiff timely files this action within the applicable period of limitations against Defendant.

15. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

16. Plaintiff worked for Defendant as a Surgery Veterinary Technician from December 11, 2018, until her termination on March 5, 2026.

17. During her tenure, Plaintiff was an excellent employee, and had no

significant history of non-medical attendance, disciplinary, or performance issues.

18. On February 19, 2026, Plaintiff, along with a co-worker, Kacie Dunn ("Ms. Dunn") was moving a heavy Labrador retriever from a gurney to an x-ray table when Ms. Dunn accidentally stepped on a pedal that moves the x-ray table.

19. The resulting movement caused Plaintiff to suffer from a shoulder injury.

20. Plaintiff immediately reported the incident to Defendant Assistant Manager Craig Schuette ("Mr. Schuette"), who advised Plaintiff to file an injury report.

21. Plaintiff then filed a claim for workers' compensation soon afterwards.

22. By late February, Plaintiff still had not received any notification from Defendant regarding workers' compensation medical attention, so she followed up with Defendant Manager Amanda Motley ("Ms. Motley"), to request the reasonable accommodation of light duty until she recovers.

23. Finally, on March 2, 2026, Plaintiff was instructed to go to Concentra Urgent Care for medical attention.

24. Plaintiff went to Concentra on March 4, 2026, to seek medical attention.

25. Plaintiff was diagnosed with a left shoulder strain, and the physician recommended a five (5) pound limit for gripping, lifting, pushing, and pulling.

26. The very next day, on March 5, 2026, Ms. Motley and Defendant

Technician Manager Rachel Galloway ("Ms. Galloway") informed Plaintiff that Defendant had decided to terminate Plaintiff's employment, effective immediately.

27. Plaintiff was told that her employment was terminated because she had "underdosed" a patient.

28. The incident involved a patient who experienced low blood pressure while under anesthesia, for which Plaintiff administered less medication than was needed.

29. The patient suffered no harm from the underdosing and survived and recovered from the surgical procedure.

30. Other employees had been retained despite committing more serious errors.

31. Yet, shortly after Plaintiff applied for worker's compensation and sought medical attention for a temporary disability requiring accommodations, such became a terminable offense.

32. It is clear that Defendant terminated Plaintiff because she was injured on the job, applied for workers compensation, suffered a disability/perceived disability, and required reasonable, non-burdensome accommodation for same.

33. Any other "reason" theorized after the fact by Defendant or its attorneys for Defendant's termination of Plaintiff's employment is pure pretext.

34. Plaintiff is an individual with a disability who, with or without,

reasonable accommodation, was fully capable of performing the essential functions of her job.

35. Defendant's termination of Plaintiff stemmed from its discriminatory animus toward her disability and her need for accommodation under the ADA.

36. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA.

37. The timing of Plaintiff's termination makes the causal connection between her disability disclosure/request for reasonable accommodation under the ADA, and her termination sufficiently clear.

38. The facts surrounding Plaintiff's termination also create a strong inference of disability discrimination in violation of the ADA.

39. Defendant was aware of Plaintiff's ADA-protected disability and need for accommodation.

40. Plaintiff was a disabled individual, and therefore is protected class member as envisioned by the ADA.

41. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of her disability and/or "perceived disability" and on-job injury.

42. Defendant's actions are the exact type of unfair and retaliatory

employment practices the ADA and WCRS were intended to prevent.

43. Defendant did not have a good faith basis for its actions.

44. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

45. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

46. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

47. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

**COUNT I: DISABILITY DISCRIMINATION UNDER THE ADA FAILURE TO ACCOMMODATE**

48. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 7, 9, 12 through 20, 22 through 36, 38 through 40, 43, 45, and 47, above.

49. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

50. The discrimination to which Plaintiff was subjected was based on her disability and/or "perceived disability."

51. Defendant failed to provide reasonable accommodations and failed to engage in the interactive process with Plaintiff to find reasonable accommodations, in violation of the ADA.

52. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

53. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

54. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

55. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

56. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as

her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

**COUNT II: RETALIATION UNDER THE ADA BASED ON DISABILITY**

57. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 6, 8 through 9, 12 through 33, 37, 39, 43 through 45, and 47, above.

58. Plaintiff was terminated within close temporal proximity of her request for reasonable accommodation.

59. Plaintiff's request for reasonable accommodation constituted protected activity under the ADA.

60. Plaintiff was terminated as a direct result of her request for reasonable accommodation.

61. Plaintiff's protected activity, and her termination, are causally related.

62. Defendant's stated reasons for Plaintiff's termination are a pretext.

63. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

64. The conduct of Defendant was so willful and wanton, and in such

reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

65. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

66. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT III: RETALIATION UNDER THE WCRS

67. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 5, 10 through 11, 14 through 33, and 43 through 45, above.

68. On or about February 19, 2026, Plaintiff sustained an injury to her left shoulder in the course and scope of her employment with Defendant.

69. Plaintiff engaged in statutorily protected activity by reporting her work-related injury to Defendant and requesting workers' compensation medical treatment and benefits.

70. Defendant knew that Plaintiff had claimed or attempted to claim workers' compensation benefits.

71. After learning of Plaintiff's protected activity, Defendant retaliated against Plaintiff by terminating Plaintiff's employment.

72. A causal connection exists between Plaintiff's protected activity and Defendant's retaliatory conduct.

73. Defendant took the foregoing actions because Plaintiff made or attempted to make a valid claim for workers' compensation benefits, in violation of section 440.205, Florida Statutes.

74. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

75. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff demands judgment against Defendant for compensatory damages, including lost wages and benefits and damages for mental anguish and emotional distress, taxable costs, applicable interest, and such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 28th day of October, 2026.

Respectfully Submitted,

***/s/ Tanner M. Borges***
Tanner M. Borges, Esq.
Florida Bar No. 1035473
RICHARD CELLER LEGAL, P.A.
7951 SW 6th St, Suite 316
Plantation, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-Mail: tanner@floridaovertimelawyer.com

*Attorneys for Plaintiff*